IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ROYCE D. SHYE | ) | |
| | ) | |
| v. | ) | NO: 2:13-0113 |
| | ) | |
| W.B. MELTON, et al. | ) | |

TO: Honorable Kevin H. Sharp, Chief District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered November 8, 2013 (Docket Entry No. 3), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the Defendants' motion for summary judgment (Docket Entry No. 36). The plaintiff has not responded to the motion.[1] For the reasons set out below, the Court recommends that the motion for summary judgment be granted.

## I. BACKGROUND

The plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Hardeman County Correctional Facility ("HCCC"). On November 1, 2013, he filed

---

[1] By Order entered September 10, 2014 (Docket Entry No. 49), the plaintiff was notified of the motion and given a deadline of October 31, 2014, to file a response.

this action pro se and in forma pauperis based upon events that occurred at the Overton County, Tennessee, Jail ("Jail") where he was incarcerated at the time the lawsuit was filed and prior to being transferred to the TDOC. The plaintiff seeks nominal and punitive damages under 42 U.S.C. § 1983 and names as defendants former Overton County Sheriff W.B. Melton ("Melton") and former Jail Administrator Shannon Harvey ("Harvey"), who are sued in their individual and official capacities.[2] The plaintiff sets out seven pages of complaints about the Jail, including allegations that:

> 1) he was denied materials necessary to "prepare and file meaningful legal papers" and his dictionary was confiscated, see Complaint (Docket Entry No. 1) at 5;
>
> 2) his right to personal safety was violated when prison staff repeatedly referred to him as a sex offender or child molester in front of other inmates, he was called racial slurs by prison staff, he was wrongly placed in maximum security and protective custody, he was left unsupervised with maximum security inmates on two occasions, and he was placed at risk because the locks on the cell doors could be "popped" or opened by inmates, id. at 5-10;
>
> 3) he requested but was denied mental health services, id. at 7;
>
> 4) he was strip searched along with other inmates in front of female guards and other inmates, id. at 9-10;
>
> 5) he was denied access to religious related mail and religious services, id. at 10-11; and
>
> 6) he was charged fees for toiletries, medication, and nurse visits despite being a TDOC inmate. Id. at 11.

The plaintiff further complains that many of these wrongdoings occurred because Jail staff were inadequately trained and/or because of inadequate policies at the Jail, id. at 7-10, and he alleges that

---

[2] In her declaration, Defendant Harvey declares that she was the Jail Administrator from May 3, 2010, to August 31, 2014, "when the new Sheriff took office." See Docket Entry No. 41, at ¶ 2. Although Defendant Melton has not submitted his own declaration, the Court relies upon Defendant Harvey's declaration for the conclusion that Defendant Melton is no longer the Overton County Sheriff.

he suffered severe and extreme fear and depression as a result of the above mentioned events.  Id. at 6-7 and 10.[3]

The Defendants filed an answer, see Docket Entry No. 12, and scheduling orders were entered providing for a period of pretrial activity.  See Docket Entry Nos. 14 and 27.  All pretrial deadlines in the action have now expired.

The Defendants move for summary judgment contending that there are no genuine issues of material fact that require resolution by a jury.  They assert that the plaintiff was confined at the Jail on two occasions during the relevant time period, the first from March 1, 2012, to December 11, 2012, when he was released, and then again from July 1, 2013, to April 24, 2014, when he was transferred to the custody of the TDOC.  See Statement of Undisputed Facts (Docket Entry No. 48), at ¶¶ 4-5, 13, and 70.  The Defendants argue that the plaintiff has not set forth evidence supporting claims that his constitutional rights were violated during either stay at the Jail.  They also argue that they have been sued merely because of their supervisory positions at the Jail and that the plaintiff has not set forth evidence showing that either of them were personally involved in the alleged events as is necessary to support a claim of individual liability.  The Defendants also raise qualified immunity as a defense to any damage claims.  In addition, the Defendants raise several technical and affirmative defenses: 1) failure of service of process for the official capacity claims; 2) application of 42 U.S.C. § 1997e(e)'s prohibition on damages claims; 3) the statute of limitations; and 4) failure to exhaust administrative remedies.  The Defendants support their motion with excerpts from the

---

[3] In addition to the instant lawsuit, the plaintiff has filed three other lawsuits in this Court against the Defendants based upon conditions at the Jail: Shye v. Melton, et al., Case No. 2:13-cv-0130; Shye v. Melton, et al., Case No. 2:14-cv-0007; and Shye v. Melton, et al., Case No. 2:14-cv-0025.  Each of these lawsuits is currently pending before the Court.

plaintiff's deposition (Docket Entry No. 38-1) and the declaration of Shannon Harvey and attached copies of documents (Docket Entry Nos. 41-45, 52, and 55).

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving

party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325). "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). See also Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). To defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

### III. ANALYSIS

Although the plaintiff's allegations were sufficient to permit the case to survive frivolity review under 28 U.S.C. § 1915(d), at this stage of the proceedings there is insufficient evidence before the Court supporting the plaintiff's claims. Accordingly, summary judgment should be granted to the Defendants.

The Defendants raise a valid statute of limitations defense to some of the plaintiff's allegations. The applicable statute of limitations for federal civil rights claims brought under Section 1983 is the one year statute of limitations set out in Tenn. Code Ann. § 28-3-104(a)(3). See Wilson v. Garcia, 471 U.S. 262, 268-71, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); Merriweather v. City of Memphis, 107 F.3d 396, 398 (6th Cir. 1997); Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir.

1986). Although the plaintiff does not include specific dates in his Complaint for many of his allegations, he does refer to events occurring in February, May, and July of 2012, as some of the events upon which his risk of personal safety claim is based. See Docket Entry No. 1, at 5-6. These events occurred more than one year prior to the filing of the action on November 1, 2013, and cannot form the basis for a claim.

The Defendants also raise a valid affirmative defense based upon the plaintiff's failure to satisfy the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"). The PLRA states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). A prisoner plaintiff must exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983. Porter v. Nussle, 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Booth v. Churner, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). The exhaustion requirement of the PLRA is mandatory. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Once the affirmative defense of failure to exhaust is raised and supported, a plaintiff must set forth evidence to show that he has complied with the requirements of exhaustion. See Napier v. Laurel Cnty., Ky., 636 F.3d 218, 225-26 (6th Cir. 2011). To establish that he has exhausted his administrative remedies, the plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003), abrogated on other grounds, Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). There is no futility exception to the exhaustion requirement, and the plaintiff is not relieved from the requirement of full exhaustion because he

subjectively believed that it was pointless to file a grievance. Booth, 532 U.S. at 741 n.6; Napier, 636 F.3d at 222; Boyd v. Corrections Corp. of Am., 380 F.3d 989, 998 (6th Cir. 2004); Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999).

Through the Declaration of Defendant Harvey, the Defendants set forth evidence that there is a grievance procedure at the Jail and that the plaintiff was provided with a copy of the grievance policy. See Declaration of Harvey (Docket Entry No. 41 ) at ¶ 9. The Defendants further set forth evidence that the plaintiff either failed to file a grievance about the claims he raises in this lawsuit or failed to file an appeal from the initial denial of the grievances that he did file. Id. at ¶¶ 12-22, 29, 33-36, and 46-47. Although the plaintiff stated in his Complaint that he "followed the grievance procedure as [prescribed]" and received "no answer on most," see Docket Entry No. 1, at 3, he has not rebutted the evidence from the Defendants that he failed to either file grievances or pursue grievance appeals about the specific events at issue in this lawsuit. When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, the non-moving party may not merely rest on allegations contained in the complaint, but must respond with affirmative evidence establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). Further, the plaintiff has the burden of showing his compliance with the exhaustion requirement once the defense is raised by the Defendants. See Napier, 636 F.3d at 225-26. The plaintiff has not satisfied this burden and has not shown that he exhausted his administrative remedies for the claims he raises in this lawsuit.

In addition, the Court finds that summary judgment is also warranted due to a lack of evidence supporting the plaintiff's claims. The Defendants have painstakingly reviewed the allegations made by the plaintiff and have set forth evidence rebutting the plaintiff's claims. See Defendants' Statement of Undisputed Material Facts (Docket Entry No. 48). The plaintiff has not responded in any manner to the motion and has not supported his claims with any affirmative evidence. No reasonable jury could find in favor of the plaintiff on his claims against the Defendants based upon the evidence that is before the Court. When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, such as the motion filed by the Defendants, the non-moving party may not merely rest on allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. See Celotex Corp., supra; Chao, supra; Cloverdale Equip. Co., supra. Although the plaintiff is proceeding pro se, his pro se status does not relieve him of the obligation under Rule 56 of the Federal Rules of Civil Procedure to set forth admissible evidence showing that genuine issues of material fact exist which require that the action proceed to trial. This is the threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. Sixty Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987).

As an initial matter, the plaintiff has offered no evidence showing the personal involvement of Defendants Melton and Harvey in the alleged acts of constitutional wrongdoing. A defendant cannot be held individually liable under Section 1983 for constitutional violations absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct. Miller v. Calhoun Cnty., 408 F.3d 803, 817, n.3 (6th Cir. 2005); Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992). The plaintiff's complaint is devoid of any allegations showing that either

Defendant personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the alleged unconstitutional conduct as is required. Thus, there is no basis for a claim of individual liability against the Defendants. See Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989). Furthermore, because respondeat superior is not a basis for liability under section 1983, the Defendants' status as officials at the Jail does not render them personally liable for the acts of those who work in some capacity under their supervision. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 371-72, 375-77, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Summary judgment is warranted for the Defendants for this reason alone.

Furthermore, the plaintiff has not offered evidence supporting his claims of unconstitutional conduct. With respect to the plaintiff's allegation that his right of access to the courts was violated, it is not enough for plaintiff simply to allege that he did not have access to legal materials or a dictionary. The plaintiff must show that the alleged deprivations in some way actually prejudiced the filing or prosecution of a legal matter that is of sufficient magnitude to implicate constitutional protections. See Lewis v. Casey, 518 U.S. 343, 349-55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996); Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir. 1985). There is no such evidence in this case.

There is also insufficient evidence before the Court supporting an Eighth Amendment claim based upon the plaintiff's allegations that he was denied mental health care. An Eighth Amendment claim based upon the denial of medical care requires a showing that a serious medical need is

involved. See Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Although mental health issues can certainly fall within the scope of a serious medical need, the plaintiff's general assertion that he requested "mental health services" is simply insufficient to show that he suffered from a serious medical need while at the Jail. Furthermore, the plaintiff has not set forth any evidence that either Defendant was personally aware of, let alone acted with deliberate indifference to, any medical need, serious or not, from which he suffered. Such a showing of culpable intent is required for a constitutional claim. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Comstock v. McCrary, 273 F.3d 693, 702-03 (6th Cir. 2001).

Similarly, although the plaintiff complains about being charged for toiletry and medical items, he does not allege that he was deprived of any of these items, let alone set forth evidence showing that he was deprived of the minimal civilized measure of life's necessities, as is required for a claim premised upon allegations that conditions of confinement violate the Eighth Amendment. See Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); Parrish v. Johnson, 800 F.2d 600, 609 (6th Cir. 1986). Requiring prison inmates to pay a small fee for toiletry and medical items or for nurse visits, in and of itself, does not violate any constitutional protection. See White v. Correctional Med. Servs. Inc., 94 Fed.App'x 262, 264, 2004 WL 61457 (6th Cir. 2004); Bailey v. Carter, 15 Fed.App'x 245, 250, 2001 WL 845446 (6th Cir. 2001); Newell v. Ruth, 2014 WL 4411045, *9 (E.D. Tenn. Sept. 8, 2014); Bates v. Melton, 2014 WL 940512, *3 (M.D. Tenn. Mar. 11, 2014) (Sharp, J.); Hardy v. Parnell, 2013 WL 5944152, *4 (W.D. Ky. Nov. 5, 2013).

The plaintiff also fails to support a claim based upon his allegations regarding a strip search that occurred on one occasion at the Jail. The plaintiff alleges that he was strip searched in front of female guards and other inmates. However, the Defendants have offered evidence in the form of the

plaintiff's own deposition testimony showing that the search in question was conducted by a male guard in a restroom on the second floor of the Jail, that no other inmates were present in the restroom, that all female guards were on a lower floor of the Jail, and that the plaintiff's belief that he was seen by a female officer is based on his observation that a female officer was looking upstairs from the lower floor. See Docket Entry No. 38-1 at 6-12. The plaintiff has offered no evidence showing that the strip search in question was unreasonable. See Bell v. Wolfish, 441 U.S. 520, 558–60, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Further, while prison inmates have a right of privacy that affords them some protection from the forced exposure of their naked body to others, see Cornwell v. Dahlberg, 963 F.2d 912, 916 (6th Cir. 1992), such rights are necessarily curtailed due to the fact of confinement, and the minimal or fleeting exposure of the plaintiff to others during his strip search is the type of de minimis infringement that does not rise to the level of constitutional concern. See Bradbury v. Hammond, 2013 WL 4521117, *3 (E.D. Mich. Aug. 27, 2013) (collecting cases); McGowan v. Cantrell, 2007 WL 2509704, *12 (E.D. Tenn. Aug. 30, 2007).

The plaintiff's contention that his First Amendment right to religious access was violated is also unsupported by any evidence. The Defendants have set forth evidence that religious ministers visit the Jail regularly, that inmates may schedule appointments for individual visits with religious ministers, that religious programming is available on the television at the Jail, that Bibles are provided to inmates who request one, and that religious materials are permitted to be mailed to inmates in the Jail provided that the materials do not have staples, which the Jail administration considers to be a security concern. See Declaration of Harvey at ¶¶ 27-28 and 37. The plaintiff has not offered any evidence that rebuts the Defendants' evidence. The plaintiff's unsupported assertions are simply insufficient to create genuine issues of material fact requiring that his claim

proceed to the trier of fact. See Harvey v. Campbell Cnty., Tenn., 453 Fed.App'x 557, 565 (6th Cir. 2011); Rodriguez v. City of Cleveland, 439 Fed.App'x 433, 456-57 (6th Cir. 2011). Furthermore, the plaintiff's complaints fail to rise to the level of constitutional concern. Although prison inmates do not lose their First Amendment right to exercise their religion because of incarceration, Turner v. Safley, 482 U.S. 78, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987), "the circumstances of prison life may require some restriction on prisoners' exercise of their religious beliefs." Walker v. Mintzes, 771 F.2d at 929. The First Amendment does not require that prison officials provide inmates with the best possible means of exercising their religious beliefs nor does it require that general prison policies and concerns become subordinate to the religious desires of any particular inmate, and the internal administration of a correctional facility is a function legitimately left to the discretion of prison administrators. See Bell v. Wolfish, supra; Procunier v. Martinez, 416 U.S. 396, 405, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989). At best, the plaintiff's complaints are about de minimis infringements. Such infringements do not rise to the level required for a constitutional claim. See Mabon v. Campbell, 2000 WL 145177 (6th Cir. Feb. 1, 2000); Stoner v. Jett, 1991 WL 138439 (6th Cir. July 29, 1991).

The plaintiff's final claim is that his right to personal safety was violated at the Jail. The Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is reasonable safety." Helling v. McKinney, 509 U.S. 25, 33, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). Thus, it is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates. See Farmer, 511 U.S. at 833. To succeed on such a claim, the Plaintiff must show "more than ordinary lack of due care for the

12

prisoner's interests or safety," Farmer, 511U.S. at 835, and an inmate's general concerns about prison safety will not support a claim under Section 1983. See Gant v. Campbell, 4 Fed.App'x. 254, 256, 2001 WL 132337 (6th Cir. Feb. 6, 2001). The plaintiff alleges that, on more than one occasion, staff at the Jail purposefully took actions and commented about him to other inmates in a manner that placed him at risk of being attacked and harmed by other inmates. Although the evidence is undisputed that the plaintiff was not actually harmed by other inmates, the absence of an actual attack on the plaintiff is not fatal to his constitutional claim in light of his allegations that the staff in question acted in a manner that was deliberately indifferent to a substantial risk of serious harm to his safety or acted in a manner that purposefully exacerbated or created a substantial risk of serious harm to his safety. See Farmer, 511 U.S. at 845; Benefield v. McDowall, 241 F.3d 1267, 1272 (10th Cir. 2001); Thompson v. County of Medina, Ohio, 29 F.3d 238, 242–43 (6th Cir. 1994). Although violence among the prison population is an unfortunate reality and not all violence suffered by an inmate at the hands of other inmates is traceable to culpable conduct by prison officials or staff, see Wilson v. Yaklich, 148 F.3d 596, 600 (6th Cir. 1998); Woods v. Lecureux, 110 F.3d 1215, 1225 (6th Cir. 1997), intentional conduct by a prison staff member that incites or invites inmates to inflict physical harm upon another inmate violates constitutional standards. See Northington v. Jackson, 973 F.2d 1518, 1525 (10th Cir. 1992); McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991), cert. denied, 503 U.S. 907, 112 S.Ct. 1265, 117 L.Ed.2d 493 (1992).[4]

---

[4] Although the mere verbal abuse or harassment of an inmate by a prison guard rarely rises to the level of unconstitutional conduct, see Johnson v. Dellatifa, 357 F.3d 539, 546 (6th Cir. 2004); Ivey v. Wilson, 832 F.2d 950, 954–55 (6th Cir. 1987), the Court does not view the plaintiff's claim regarding the comments made by Jail staff to be a claim that the staff merely used verbally or racially abusive language toward him as the Defendants suggest. See Docket Entry No. 47, at 22.

However, the plaintiff has not named as a defendant any of the prison staff who are alleged to have made comments or taken actions that placed him at a risk of being attacked by other inmates. There are no allegations that implicate Defendants Melton or Harvey in any of the alleged conduct that placed the plaintiff at risk. Furthermore, Defendant Harvey has set forth evidence that she took steps while the plaintiff was at the Jail to confine him in a manner that provided him with the most protection possible from other inmates. See Declaration of Harvey at ¶¶ 3-8. She also sets forth evidence that steps were taken to repair the locks at the Jail once it was discovered that the locks were defective. Id. at ¶ 29. The plaintiff has not rebutted this evidence in any manner. In short, the plaintiff has offered no evidence supporting a claim that either Defendant Melton or Harvey acted in a manner inconsistent with his Eighth Amendment right to personal safety.

To the extent that the plaintiff's Complaint can be read to allege a due process claim based upon his placement in either maximum security or protective custody, the manner of an inmate's confinement is generally a matter for the discretion of prison officials and does not implicate due process protections absent proof that the segregation amounted to an atypical and significant hardship in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 4784-85, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); Carter v. Tucker, 69 Fed.Appx. 678 (6th Cir. July 1, 2003); Rimmer-Bey v. Brown, 62 F.3d 789, 790-91 (6th Cir. 1995); Ward v. Dyke, 58 F.3d 271, 274 (6th Cir. 1995). There is no such evidence present in the instant case.

The Court's determination that there is no evidence that a constitutional violation occurred is sufficient to warrant dismissal of the claims against the individual Defendants without analysis of the qualified immunity defense, see Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); Jones v. Byrnes, 585 F.3d 971, 975 (6th Cir. 2009), and is also sufficient to

support dismissal of any possible damages claim against Overton County via claims against the Defendants in their official capacities. See City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986). Accordingly, it is unnecessary for the Court to address the Defendants' argument that the plaintiff failed to properly serve the Defendants with process for an official capacity claim, as well as their argument for dismissal pursuant to 42 U.S.C. § 1997e(e).

The Defendants request that, if this action is dismissed, the dismissal should be deemed to be a "strike" for the purposes of 28 U.S.C. § 1915(g). See Docket Entry No. 47, at 10-12. The Court declines to make the determination requested by the Defendants. The Court previously found that this action was not frivolous and that the plaintiff had stated a claim for relief, see Order entered November 8, 2013 (Docket Entry No. 3), and the Court does not view a judgment in favor of the Defendants upon summary judgment and not for those grounds specifically enumerated within Section 1915(g) to be a dismissal that falls within the purview of Section 1915(g). While the Court is aware of the somewhat unsettled landscape of what types of dismissals of prisoner lawsuits constitute a strike under Section 1915(g), see Coleman v. Tollefson, 733 F.3d 175 (6th Cir. 2013), as amended on denial of reh'g and reh'g en banc (Jan. 17, 2014), cert. granted, 135 S. Ct. 43 (2014); Ball v. Famiglio, 726 F.3d 448, 460 (3d Cir. 2013), cert. denied, 134 S. Ct. 1547, 188 L. Ed. 2d 565 (2014); Taylor v. First Med. Mgmt., 508 Fed.App'x 488, 496 (6th Cir. 2012), the Court does not interpret the Sixth Circuit's holding in Pointer v. Wilkinson, 502 F.3d 369 (6th Cir. 2007), to mandate the result requested by the Defendants.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 36) filed by Defendants W.B. Melton and Shannon Harvey be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge